CAUSE NO. 10-60034-4

| | | |
|---|---|---|
| REBECCA GALLARDO | § | IN THE COUNTY COURT |
| Plaintiffs, | § | |
| | § | |
| VS. | § | AT LAW NUMBER 4 |
| | § | |
| INVACARE SUPPLY GROUP, INC; | § | |
| INVACARE CORPORATION | § | |
| Defendants. | § | NUECES COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

COMES NOW, Rebecca Gallardo, Plaintiff herein, and files this her Original Petition complaining of Invacare Supply Group, Inc. and Invacare Corporation Defendants herein, and for cause of action would show as follows:

### I.
### CASE DISCOVERY CONTROL PLAN

1.1   Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff alleges this lawsuit is intended to be conducted under Level 3 of the Discovery Control Plan.

### II.
### THE PLAINTIFFS

2.1   Plaintiff Rebecca Gallardo is a citizen of the United States and resides in Nueces County, Texas.

### III.
### THE DEFENDANTS

3.1   Defendant INVACARE SUPPLY GROUP, INC. ("Invacare Supply Group") is a Massachusetts corporation with its principal place of business in Milford, MA, doing business in the State of Texas, with its principal office in Grand Prairie, TX. Defendant Invacare Supply Group may be accomplished by serving the agent for service of process at, C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.



3.2 Defendant INVACARE CORPORATION ("Invacare") is a Ohio corporation with its principal place of business in Milford, MA, doing business in the State of Texas, with its principal office in Grand Prairie, TX. Defendant Invacare Supply Group may be accomplished by serving the agent for service of process at, C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

## IV.
## VENUE

4.1 Venue is proper in Nueces County as to Plaintiff under the general venue provisions provided for in Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because Nueces County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## V.
## JURISDICTION

5.1 This Court has jurisdiction over this case as all parties are residents of or are doing business the in the State of Texas, and the damages are in excess of the minimum jurisdictional limits of this court.

5.2 The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of Texas defendants. Removal would be improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under colour of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency.

## VI.
## THE INCIDENT IN QUESTION

6.1   This suit arises out of an incident occurring on or about June 2, 2008. Plaintiff Rebecca Gallardo was lifting an Invacare Platinum 5 Oxygen Concentrator. In the process of lifting this product, Plaintiff sustained permanent injuries to her body including, but not limited to, her back, neck, arm and lower extremities.

## CAUSES OF ACTION AGAINST DEFENDANT
## INVACARE SUPPLY GROUP, INC. and INVACARE CORPORATION

## VII.
## DESIGN DEFECT

7.1   The Concentrator in question was originally designed, manufactured and sold by Defendants. At the time said product was designed, manufactured and sold by Defendants, it was defective in design and unreasonably dangerous. The defective and unreasonably dangerous product was a producing cause of the incident in question, Plaintiff Rebecca Gallardo sustained serious permanent and disabling injuries, severe and excruciating conscious pain, and mental anguish.

## VIII.
## WARNINGS/MARKETING DEFECT

8.1   Further, Defendants failed to give adequate and proper warnings and instructions regarding the dangers of said product. Such failure rendered said product defective and unreasonably dangerous, and was a producing cause of the incident in question, which resulted in the severe and excruciating conscious pain and suffering of Plaintiff Rebecca Gallardo.

## IX.
## NEGLIGENCE

9.1 Defendants committed acts of omission and commission, which collectively and severally, constituted negligence. Such negligence was a proximate cause of the injuries to Plaintiff Rebecca Gallardo, and the physical pain and mental anguish she suffered.

9.2 In particular, Defendants committed acts of negligence including, but not limited to, the following:

1. Failing to use reasonable care in the design of the product to ensure safety for its reasonably foreseeable use;

2. Failing to design the product so that it could be lifted and handled without great foreseeable risk of injury.

3. Failing to design the product with proper warning and/or lifting instructions;

4. The product was placed on the market without adequate warnings about the dangers of the product;

5. Failing to adequately test the product to discover the dangerous nature of the product;

6. Failing to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injury;

7. Concealing from the public the proper warning and location of proper handling.

## X.
## BREACH OF WARRANTY

10.1 Plaintiff re-alleges and incorporates by reference paragraphs I through IX above. Defendants, breached the implied warranties of merchantability and fitness, which breach of said implied warranties was both a proximate and producing cause of the injuries to Plaintiff Rebecca

stop
y
b
d

Gallardo, the physical pain and mental anguish she suffered and continuous to suffer for which recovery is sought herein.

## XI
## DAMAGES

11.1 As a direct and proximate result of the negligence of the Defendants, the Plaintiff has sustained serious injuries as well as mental and emotional injury. Plaintiff would show that she brings this suit to recover of and from the Defendants damages for mental anguish, past, present, and future; bodily pain and suffering, past, present and future; medical expenses, past, present, and future; loss of earnings, past, present, and future; disfigurement in the past; disfigurement that, in reasonable probability, Plaintiff will sustain in the future; and loss of equipment. Plaintiff therefore seeks judgment for compensatory damages of and from the Defendants in an amount to be determined by a jury, plus all costs of these proceedings.

## XII.
## EXEMPLARY DAMAGES

12.1 Defendants' negligence and other tortious conduct that caused the injuries to Plaintiff Rebecca Gallardo constituted willful and wanton misconduct and actual conscious indifference to the decedent's rights, safety and welfare. Said Defendants' conduct constituted malice, intentional tort and gross negligence entitling Plaintiff to the recovery of exemplary damages from said Defendants as provided for in Chapter 41 of the Texas Civil Practice and Remedies Code and Article 26, Section XVI of the Texas Constitution.

## XIII.
## PUNITIVE DAMAGES

13.1 The aforesaid actions of the Defendants constitute gross negligence and/or was willful and wanton, and thus entitling Plaintiff to punitive damages of and from the Defendants in an amount to be determined by a jury.

## XIV.
## MALICE

14.1 The wrong done by Defendants in failing to properly test the products at issue, placing a defective product on the market, and continuing to market the product after learning of its potential for serious injury was aggravated by the kind of gross negligence, malice, and callous disregard for which the law allows the imposition of exemplary damages. The conduct of Defendants, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential of harm to others. Defendants were aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare to others. Defendants' acts of omission and commission, which collectively and severally constituted malice, were a producing cause of the injuries to Plaintiff Rebecca Gallardo.

## XV.
## CONSTITUTIONAL ALLEGATIONS

15.1 Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it violates Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection of the laws.

15.2 Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and

No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it violates Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws.

15.3 Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it violates Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him or her, and that each such person shall have remedy by due course of law.

15.4 Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it violates Article One, Section Nineteen of the Texas Constitution, which guarantees due course of the law.

15.5 Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it violates Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, prohibiting the legislature from exercising power properly attached to the judiciary.

15.6 Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a

Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it violates Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions.

15.7   Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or Two Hundred Thousand and No/100 Dollars ($200,000.00), whichever is greater, is unconstitutional, as it violates Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantees the right to a trial by jury in civil cases.

## XVI.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

16.1   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## XVII.
## ATTORNEYS FEES

17.1   Because Defendants breached implied warranties of merchantability and fitness, Plaintiff seeks to recover attorneys' fees.

## XVIII.
## JURISDICTIONAL AMOUNT

18.1   By reason of the facts alleged herein, the Plaintiff has been made to suffer and sustain injuries and damages at the hands of these Defendants in excess of the minimum jurisdictional limits of this court and in an amount to be determined by the jury in this case and as the evidence may show proper at the time of the trial.

## XIX.
## RIGHT TO AMEND

19.1 Furthermore, Plaintiff would state that because of the nature and complexity of this incident, Plaintiff reserves the right to, based upon additional information during the course of discovery, amend these pleadings to include additional parties as appropriate, omit parties as appropriate, amend claims, allegations, causes of action, names, and grounds for recovery in accordance with the Texas Rules of Civil Procedure.

## XX.
## PLAINTIFF'S MAXIMUM DAMAGES

20.1 If Defendants seek to force Plaintiff, pursuant to Rule 47 of the Texas Rules of Civil Procedure, to specify the maximum amount of damages for which the Defendants are being sued, then Plaintiff responds that the decision as to what is fair compensation in this case is best left to the discretion of the jury after all of the evidence is presented at trial. Plaintiff will not be in a position to best determine how much damages they will seek from Defendants until they conduct pre-trial discovery, which includes deposing Defendants' corporate representatives and reviewing all relevant documents, and possibly evaluate the evidence introduced at trial. In order to satisfy the Defendants' request, however, Plaintiff will state that she will not seek in excess of fifteen million dollars ($15,000,000.00) for all the damages claimed by Plaintiff. Plaintiff reserves the right granted to them under the Texas Rules of Civil Procedure to increase or decrease the maximum amount of damages sought to conform to information they obtain through discovery in this case, the evidence presented at trial, or the verdict of the jury.

## XXI.
## REQUEST FOR DISCLOSURE

21.1 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a) – (l).

## XXII.
## JURY DEMAND

22.1 In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and requests that this cause be set on the Court's Jury Docket. In support of their application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## XXIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from the Defendants for their actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

THE SNAPKA LAW FIRM
606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Telephone: (361) 888-7676
Facsimile: (361) 884-8545

By: _____
Kathryn Snapka
State Bar No. 18781200
Aditi Anita Shahani
State Bar No. 24041898
COUNSEL FOR PLAINTIFF

# PATSY PEREZ

Nueces County District Clerk
Telephone 361 888-0450 Fax 888-0571

901 Leopard Street, Room 313
Corpus Christi, Texas
78401



P.O. Box 2987
Corpus Christi, Texas
78403

CAUSE NUMBER: 10-61034-4

Rebecca Ballardo
**Plaintiff**

NUECES COUNTY DISTRICT COURT ____

Invacare Supply Group, Inc., et al
**Defendant**

NUECES COUNTY COURT AT LAW 4

## CIVIL CASE INFORMATION SHEET

*This form must be completed and filed with every original petition and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed six (6) months from filing will be eligible for dismissal for want of prosecution*

TYPE OF ACTION: CHECK ALL CLAIMS PLED:☐Commercial ☐Personal Injury☐Death ☐Other

| | | | | |
|---|---|---|---|---|
| ☐Account Due | ☐Admiralty | ☐Discrimination | ☐Auto | ☐Other |
| ☐Employment Discharge | ☐Environmental Tort | ☐Malpractice/Medical | ☐Tax | |
| ☐Injunction/TRO | ☐DTPA | ☐Malpractice/Legal | ☐Silicone Implant | |
| ☐Contract | ☐Note | ☐Malpractice/Other | ☐Fraud | |
| ☐Foreclosure | ☐Premises Liability | ☐Workers Compensation | ☐Disbarment | |
| ☐Garnishment | ☐Railroad | ☐Malicious Prosecution | ☐Sequestration | |
| ☐Conspiracy | ☐False Imprisonment | ☐Trespass | ☐Judgment Nisi | |
| ☒Product Liability | ☐Post Judgment | ☐Ins. Bad Faith | ☐Real Estate | |
| ☐Business Dissolution | ☐Expunction | ☐Name Change | ☐Declaratory Judgment | |
| ☐Asbestos | ☐Assault | ☐Dram Shop | ☐Bill of Review | |
| ☐Defamation | ☐Deed Restriction | ☐Forfeiture | ☐Occupational License | |

Has this dispute previously been in the Nueces County Courts? ☒No ☐Yes, in the following court _____.

Monetary damages sought: ☐ less than $50,000 ☒greater than $50,000

Desired discovery level: ☐Level 1 (TRCP 190.2) ☐Level 2 (TRCP 190.3) ☒Level 3 (TRCP 190.4)³
*³A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt.o. The court may enter a Level 3 plan sua sponte or the parties may request entry of such plan by separate motion id.*

Estimate time needed for discovery: ☐0-3 months ☐4-6 months ☒7-12 months ☐other

Is there likelihood of experts other than treating physicians or experts on attorney's fees? ☒Yes ☐No

Is immediate ADR requested? ☒Yes ☐No

Signature of attorney or pro se filing this cover sheet: _____

Printed name of attorney or pro se filing this cover sheet: Kathryn Snapka

Phone Number: 361-888-7676    Bar Number: 18781200

For court use only. Tract assigned: ☐Track 1 ☐Track 2 ☐Track 3

Court coordinator: _____    Date: _____

CCAL4

# CASE SUMMARY
### CASE NO. 10-61034-00-0-4

| GALLARDO, REBECCA vs. INVACARE SUPPLY GROUP, INC., ET AL | § § § § § | Location: CCAL4<br>Judicial Officer: Klager, James E.<br>Filed on: 06/01/2010<br>Legacy Case Number: 1061034000 |
|---|---|---|

## CASE INFORMATION

Case Type: Civil Case - Other
Case Status: 06/01/2010 Pending
Case Flags: LCOCCL4

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number  10-61034-00-0-4<br>Court  CCAL4<br>Date Assigned  06/01/2010<br>Judicial Officer  Klager, James E. |

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Plaintiff | GALLARDO, REBECCA | SNAPKA, KATHRYN<br>*Retained*<br>3618887676(W) |
| Defendant | INVACARE CORPORATION<br><br>INVACARE SUPPLY GROUP, INC | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/01/2010 | Case Event Conv<br>*ORIGINAL PETITION FILED* | |
| 06/01/2010 | Case Event Conv<br>*CIVIL CASE INFO SHEET/RM* | |
| 06/01/2010 | Case Event Conv<br>*SVC FORM REQ SVC/RM* | |
| 06/01/2010 | Case Event Conv<br>*COVER LTR/RM* | |
| 06/01/2010 | Case Filed (OCA OPEN) | |
| 06/10/2010 | Case Event Conv<br>*CITATION (PU): INVACARE SUPPLY GROUP, INC. SERVED: Issue Date: 06/10/2010* | |
| 06/10/2010 | Case Event Conv<br>*CITATION (PU): INVACARE CORPORATION SERVED: Issue Date: 06/10/2010* | |
| 06/10/2010 | Citation<br>INVACARE SUPPLY GROUP, INC<br>Issued<br>*CITATION (PU): INVACARE SUPPLY GROUP, INC. SERVED: Issue Date: 06/10/2010* | |
| 06/10/2010 | Citation | |

CCAL4

# CASE SUMMARY
## CASE NO. 10-61034-00-0-4

INVACARE CORPORATION
Issued
*CITATION (PU); INVACARE CORPORATION SERVED; Issue Date: 06/10/2010*

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | Firm  LAW OFFICES OF KATHRYN SNAPKA | |
| | Total Charges | 193.50 |
| | Total Payments and Credits | 277.00 |
| | Balance Due as of  9/9/2010 | (83.50) |